# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO OCHOA FIERROS,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>Defendants | Case No. 1:19-cv-01515-NONE-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE**<br><br>(Doc. 25)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On October 25, 2019, Plaintiff Roberto Ochoa Fierros filed a complaint, seeking review of the denial of his application for adjustment of status pursuant to § 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. (Doc. 1.)

On January 22, 2020, Defendants Kevin K. McAleenan, the former Acting Secretary of the Department of Homeland Security[1], and Lynn Q. Feldman, field officer director for the Fresno office of the United States Citizenship and Immigration Services, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.) On August 11, 2021, the Court granted the motion to dismiss, with leave to amend. (Doc. 25.) Plaintiff was granted thirty days leave to file an amended complaint stating a cognizable claim for relief. (*See id.* at 9–10.) To date, no amended complaint has been filed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.

---

[1] Alejandro Mayorkas, who was sworn in as Secretary of the Department of Homeland Security on February 2, 2021, was substituted as a defendant in this action in place of named Defendant McAleenan. *See* Doc. 25 at 1 n.1; Fed. R. Civ. P. 25(d) (when public officer ceases to hold office, "[t]he officer's successor is automatically substituted as a party" and "[t]he court may order substitution at any time").

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Based on the foregoing, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's August 11, 2021 order by not filing an amended complaint within the specified period of time and for failure to prosecute.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal. The Court further CAUTIONS Plaintiff that, if he fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

Furthermore, the Scheduling Conference, currently set for September 30, 2021, is CONTINUED to January 13, 2022, at 10:00 a.m. in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto. The parties shall file their joint scheduling report seven (7) days prior to the conference.

IT IS SO ORDERED.

Dated:   **September 23, 2021**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE